THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR06-0463-JCC |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL ANTHONY REYES, | |
| Defendant. | |

This matter comes before the Court on Michael Anthony Reyes's petition for writ of coram nobis (Dkt. No. 64) and the Government's motion to file a corrected response in opposition (Dkt. No. 67). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Petitioner's writ (Dkt. No. 64) and GRANTS the Government's motion to file a corrected response (Dkt. No. 67) for the reasons explained herein.

**I.     BACKGROUND**

On February 15, 2007, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Dkt. Nos. 17, 19 at 1.) At Petitioner's change of plea hearing, the Honorable Mary Alice Theiler, United States Magistrate Judge, explained to Petitioner that the elements of the charge against him were that he knowingly possessed a firearm, the firearm had been shipped or transported from one state to another or from one

country to another, and, at the time he possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. (Dkt. Nos. 19 at 2, 64 at 3.) The Court sentenced Petitioner to 33 months of incarceration with three years of supervised release. (Dkt. Nos. 24, 25 at 2–3.) Petitioner is no longer in custody or subject to conditions of supervised release under the judgment of conviction entered in this case. (Dkt. Nos. 64 at 4, 67-1 at 13.)

Approximately 12 years after Petitioner's guilty plea, the United States Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court held that under 18 U.S.C. § 922(g), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. The magistrate judge taking Petitioner's plea in 2007 did not inform Petitioner of the status element of Section 922(g)—that Petitioner knew he was in the relevant category of persons barred from possessing a firearm. (Dkt. Nos. 19, 64 at 3.)

Petitioner filed a petition for writ of coram nobis on December 30, 2020, approximately eighteen months following *Rehaif*, 139 S. Ct. at 2191. (Dkt. No. 64.) Petitioner argues that his plea was not knowingly and intelligently made because his plea colloquy did not discuss the status element of Section 922(g). (Dkt. No. 64 at 4.) The Government responded in opposition to Petitioner's writ of coram nobis petition. (Dkt. No. 66.) Upon learning that Petitioner is presently incarcerated pending sentencing for a supervised release violation in another case, the Government moved to file a corrected response. (Dkt. No. 67.)

## II. DISCUSSION

A writ of error coram nobis is an "extraordinary remedy [to be rendered] only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). To qualify for relief under the writ, Defendant must show the following: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character."

*United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)). The Government concedes that Petitioner meets two factors for coram nobis relief: the lack of a more usual remedy and existing adverse consequences to conviction.[1] (Dkt. No. 67-1 at 13.) However, the Court finds that coram nobis relief is unavailable in this case because Petitioner fails to show that valid reasons exist for not attacking the conviction earlier.[2]

Coram nobis petitions are not subject to "a specific statute of limitations." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). But defendants who delay must "provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." *United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). "The law does not require [a defendant] to challenge his conviction at the earliest opportunity, it only requires [him] to have sound reasons for not doing so." *Id.* at 1014. Courts have denied coram nobis relief when the petitioner "has delayed for no reason whatsoever." *Id.* at 1013.

Approximately eighteen months elapsed between the decision in *Rehaif* on June 21, 2019, and the time Petitioner filed this writ of coram nobis. (*See* Dkt. No. 64 at 9 (submitted December 30, 2020).) Petitioner does not provide any explanation for this eighteen-month delay. (*See id.* at 6 (explaining only the delay between Petitioner's plea and *Rehaif*).) The Court does not expect Petitioner to have filed his petition immediately after the United States Supreme Court announced its decision. *See Monzon-Ramirez v. United States*, 2020 WL 6403130, slip op. at 3

---

[1] The Government argues that Petitioner's waiver of "any right to bring a collateral attack" bars his writ of coram nobis. (Dkt. Nos. 19 at 7, 67-1 at 4–6.) The Government also argues that Petitioner's writ of coram nobis is subject to a procedural bar. (Dkt. No. 67-1 at 6–12.) The Court finds it unnecessary to decide these issues because Petitioner cannot obtain coram nobis relief on other grounds.

[2] Because the Court finds that Petitioner fails to establish this second requirement for coram nobis relief, the Court need not consider the fourth requirement—whether the absence of the post-*Rehaif* status element in Petitioner's plea colloquy constitutes a "fundamental" error. *See Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020).

(D. Ariz. 2020) (less than four-month delay following *Rehaif* did not bar coram nobis relief), *accepted by Monzon-Ramirez v. United States*, 2020 WL 6395301 (D. Ariz. 2020). But an eighteen-month delay requires explanation. *See United States v. Kroytor*, 977 F.3d 957, 963 (9th Cir. 2020) (two-year delay without valid reason barred coram nobis relief). Without a valid explanation for the delay between *Rehaif* and Petitioner's coram nobis petition, coram nobis relief is unavailable to Petitioner.

Finally, the Government original response had a factual error, which the Government seeks to correct upon learning new facts. (Dkt. No. 67.) The Court finds good cause to grant the Government's motion to file a corrected response.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for writ of coram nobis (Dkt. No. 64) and GRANTS the Government's motion to file a corrected response (Dkt. No. 67).

DATED this 20th day of January 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE